UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER L. HARRIS, | ) | 1:12-cv-00747 LJO MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 |
| v. | ) | |
| | ) | |
| HECTOR A. RIOS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

  Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

  Petitioner filed the instant petition for writ of habeas corpus on May 3, 2012. Petitioner was convicted in the United States District Court for the Southern District of Indiana, and he is currently in custody at the United States Penitentiary in Atwater, California.

  Petitioner has filed at least two prior petitions for writ of habeas corpus under § 2241 in the Eastern District of California. (See Case Nos. 1:11-cv-01722-BAM, 1:12-cv-00512-LJO-DLB.) In the present petition, Petitioner challenges fines and liens associated with his conviction. A review of the Court's docket and files shows Petitioner has previously sought federal habeas relief with respect to these same claims by way of a habeas petition under § 2241. In case number 1:11-cv-01722-BAM, Petitioner presented a nearly identical petition

challenging the same issues relating to his conviction. The Court denied the petition and also noted that Petitioner had filed several motions raising the same issues in <u>United States of America v. Christopher L. Harris</u> (Case No. 1:98-cr-00121-SEB-KPF-3), in the United States District Court for the Southern District of Indiana (Indianapolis), the criminal case in which Petitioner was sentenced.

## I.     DISCUSSION

A court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(a).  A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 USC § 2255(h). However, it is not the district court that decides whether a second or successive petition meets these requirements; the Petitioner must first file a motion with the appropriate court of appeals to be authorized to file a second or successive petition with the district court.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That

being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2241 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

## II.  RECOMMENDATION

For the reasons discussed herein, the Court RECOMMENDS that petition be DISMISSED as successive.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 23, 2012            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE